RECEIVED
NOV 2 4 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ANDRES M. LANDOR | CIVIL ACTION NO.: 13-2759 |
| VERSUS | JUDGE DOHERTY |
| SOCIETY OF THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF LAFAYETTE, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before this Court is the Motion for Rule 60(b)(2) Relief filed by plaintiffs Andres and Lavern Landor [Doc. 85], in which the plaintiffs ask this Court for relief from the final judgment entered on September 17, 2014, which dismissed all of plaintiffs' claims against the Lafayette Consolidated Government/Lafayette Police Department and James Craft personally on the grounds of newly discovered evidence. The motion is opposed by the Lafayette Consolidated Government ("LCG"), Detective Stephen Bajat, and Chief of Police James Craft (collectively, "the City"). For the following reasons, the motion is DENIED.

**A.    Factual and Procedural Background**

The facts and procedural background of the instant case have been set forth in previous rulings issued by this Court, and more particularly, in the magistrate judge's Report and Recommendation, and this Court's Memorandum Ruling adopting that Report, dated September 15, 2014 [Doc. 76]. The facts will not be restated here.

**B.    Law and Analysis**

FED. R. CIV. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding") provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The jurisprudence is well-settled that relief under Rule 60(b)(6) is appropriate only in an "extraordinary situation" or when "extraordinary circumstances are present." *U.S. ex rel. Garibaldi v.. Orleans Parish Sch. Bd.*, *supra* at 337 (5th Cir. 2005).

The instant lawsuit was filed on September 28, 2013 (*Andres M. Landor, et al., v. LCG, et al.*, Civil Action No. 13-2759) ("*Landor I*"). As the plaintiffs explain it, the crux of their many claims is that their daughter's former school, Teurlings, and the Diocese of which Teurlings is a part, conspired with a police officer employed by the LCG to suppress a criminal investigation for the purpose of protecting the interests of a white teacher, white parents, and white students, all to the detriment of themselves and their daughter, who are black, following an incident involving the JV cheerleading squad (of which plaintiff's daughter was a member) and certain postings allegedly made by their daughter on social media. The plaintiffs asserted the following causes of action in *Landor I*: (1) Title VI claims against Teurlings and the Diocese; (2) a Section 1981 claim against Teurlings; (3) Section 1983 claims against Teurlings and Detective Bajat; (4) Section 1985/Equal

2

Protection claims against Teurlings and Detective Bajat; (5) a Section 1983 claims against Chief Craft; and (6) state tort law claims under Articles 2315 and 2316 of the Louisiana Civil Code against defendants Boyer, Baudier, Dugas and Bajat (officially); under Article 2315 against defendants Boyer, Baudier, Dugas, and Bajat, (officially and personally); and under Article 2320 against defendants Teurlings and LCG for their vicarious liability. The plaintiffs also asserted a state law claim against defendant Menard, personally, for intentional infliction of emotional distress. Importantly, the plaintiff did not assert a Title VII claim in *Landor I*. All of the foregoing claims were dismissed by this Court on September 17, 2014, following receipt and a comprehensive review of a thorough analysis of all issues prepared by the magistrate judge in a Report and Recommendation issued on July 14, 2014. Plaintiff filed a notice of appeal to the Fifth Circuit Court of Appeals, which affirmed the dismissal of all claims with prejudice in *Landor I* on or around July 31, 2015 [Doc. 87]. In its opinion, the Fifth Circuit noted "We AFFIRM for substantially the same reasons reflected in the district court's Memorandum Ruling and underlying Report and Recommendation."

On September 1, 2014, plaintiff Andres Landor filed another lawsuit against LCG in this court, alleging he was subjected to disparate treatment from similarly situation white officers and retaliation in violation of Title VII (*Andres M. Landor, et al. v. LCH*, et al., Civil Action No. 14-2620) ("*Landor II*"). On June 29, 2015, the magistrate judge recommended that *Landor II* be dismissed with prejudice on grounds of *res judicata*.

In the instant case, plaintiffs argue they are entitled to relief from judgment on grounds they recently received a copy of Andres Landor's EEOC file pursuant to a Freedom of Information Act request, and contained within that file is a letter dated February 20, 2014 from Greg Guidry, counsel

3

for LCG, requesting that all future communications concerning the plaintiff's EEOC complaint be sent to Mr. Guidry. Plaintiff argues that letter "evidences Defendant LCG's knowledge of a second protected activity Plaintiff A. Landor engaged in – filing an EEOC complaint – and supports Plaintiff A. Landor's contention that he was retaliated against for complaining about racial discrimination." Plaintiff argues there is a temporal connection between the date the plaintiff filed his EEOC complaint (February 5, 2014), the date of this letter (February 20, 2014), and the date he was demoted (February 21, 2014), and that the foregoing confluence of events supports a reasonable inference that he was retaliated against for filing his complaint.

Defendants argue the plaintiffs are not entitled to Rule 60 relief, because they did not exercise diligence in attempting to obtain plaintiff's EEOC file, which was requested *nine months* after plaintiff asserted claims in *Landor I* relating to his transfer from Metro to Patrol; *six months* after he received the right to sue letter; *five months* after this Court dismissed his lawsuit; and *three months* after he filed *Landor II*. Regardless, defendants argue the "new information" is immaterial and irrelevant and would not have changed this Court's ruling. This Court agrees.

First, as pointed out in the defendants' brief, the claim plaintiffs wish to assert now – retaliation – falls under the purview of Title VII, yet the plaintiffs asserted no Title VII claims in *Landor I*. Furthermore, this Court concludes, even if the Court were to consider the merits of a retaliation claim, the plaintiffs fail to establish a *prima facie* case of retaliation under Title VII. To prevail on such a claim, the plaintiffs would have to show: (1) Mr. Landor participated in an activity protected by Title VII, such as by filing a charge of discrimination; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. Here, Mr. Landor argues the temporal proximity is sufficient to

4

show a causal connection. However, it is well-settled as the magistrate judge pointed out in his Report, the plaintiff failed to show he was transferred because he filed a discrimination complaint, especially in light of the fact that two other officers (one white, one black) were also transferred pursuant to the new six-year term policy in the police department. Given the lack of any allegation that those officers also filed discrimination complaints with the EEOC, and in light of this Court's previous findings that the plaintiff failed to allege sufficient facts showing he suffered an adverse employment action or that LCH was motivated to transfer him because of his race or because he filed a lawsuit, this Court concludes the plaintiff fails to show he has properly asserted a claim for retaliation and, further, that he is now due relief under Rule 60(b)(2).

Considering the foregoing, the Motion for Rule 60(b)(2) Relief filed by plaintiffs Andres and Lavern Landor [Doc. 85] is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 24 day of November, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

5